IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| GUADALUPE HERNANDEZ AND ALMA C. HERNANDEZ<br>*Plaintiffs,*<br><br>v.<br><br>NATIONWIDE GENERAL INSURANCE COMPANY<br>*Defendant.* | §§§§§§§§§§ CIVIL ACTION NO. 2:20-cv-56 |

## NOTICE OF REMOVAL

Defendant Nationwide General Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Guadalupe Hernandez and Alma C. Hernandez v. Nationwide General Insurance Company*; Cause No. 2020-0131-CIV; In the 83rd Judicial District of Val Verde County, Texas.

### I.
### BACKGROUND

1. Plaintiffs Guadalupe Hernandez and Alma C. Hernandez (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 2020-0131-CIV; In the 83rd Judicial District of Val Verde County, Texas on August 12, 2020 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on October 9, 2020, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 83rd Judicial District Court of Val Verde County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.  Diversity of Parties**

7. Plaintiffs Guadalupe Hernandez and Alma C. Hernandez are domiciled in Val Verde County, Texas, *See* **Exhibit A**, ¶ 3-4.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

10.    It is facially apparent from Plaintiffs' live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[1] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[2] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

11.    Here, Plaintiffs seek "monetary relief of more than $100,000.00 but less than $200,000.00" **Exhibit A**, Plaintiff's Original Petition, ¶ 3.

12.    Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.    Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

14.    WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

---

[1]    28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[2]    *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[3]    *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE GENERAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and certified mail this the 9th day of October, 2020 to:

Joshua P. Davis                                      **#9414 7266 9904 2137 9661 00**
Davis Law Group
1010 Lamar, Suite 200
Houston, TX 77002
josh@thejdfirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp

4